**William B. GILBERT, Joan Behl, Lewis Bair and Seth Blate, Plaintiffs,**

v.

**FIRST ALERT, INC., Malcolm Candlish, Gary L. Lederer, David V. Harkins, Scott A. Schoen, Anthony J. Dinovi, Thomas H. Lee and Thomas H. Lee Company, Defendants.**

No. 94 C 6760.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 27, 1996.

Michael Jerry Freed, Carol V. Gilden, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, Michael David Craig, Schiffrin & Craig, Ltd., Buffalo Grove, IL, Mark C. Gardy, Abbey & Ellis, New York City, Daniel Richard Karon, Fishman & Fishman & Saltzberg, Chicago, IL, Paul O. Paradis, Peter G.A. Safirstein, Pomerantz, Levy, Haudek, Block & Grossman, New York City, Marc I. Gross, New York City, for William B. Gilbert.

Michael Jerry Freed, Carol V. Gilden, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, Daniel Richard Karon, Fishman & Fishman & Saltzberg, Chicago, IL, Paul O. Paradis, Peter G.A. Safirstein, Pomerantz, Levy, Haudek, Block & Grossman, New York City, for Joan Behl, Lewis Blair, Seth Blate.

Jeffrey R. Tone, Scott Charles Solberg, Jeffrey B. Charkow, Sidley & Austin, Chicago, IL, for First Alert, Inc.

Jeffrey R. Tone, Jeffrey B. Charkow, Sidley & Austin, Chicago, IL, for Malcolm Candlish, Gary Lederer.

Jeffrey R. Tone, Sidley & Austin, Chicago, IL, for David Harkins, Scott Schoen, Anthony Di Novi.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Presently before this court is the named plaintiffs' motion to amend our class certification order of August 21, 1995, *Gilbert v. First Alert, Inc.*, 904 F.Supp. 714, 718–21 (N.D.Ill. 1995). Based on information obtained through discovery, the plaintiffs now allege in their Second Amended Complaint that the fraudulent scheme implemented by the defendants spanned a longer period of time than previously thought. Thus, the plaintiffs seek to expand the class to cover those who purchased First Alert common stock during the period from September 20, 1994 to December 7, 1994, as opposed to the current class period of October 12, 1994 to November 10, 1994. For the reasons set forth below, the motion is granted and the class is modified accordingly.

We assume familiarity with our prior opinion, and therefore only discuss those facts which bear upon the instant motion to amend the class certification order. The plaintiffs maintain that on September 20, 1994, as part of the allegedly fraudulent scheme to inflate First Alert stock prices, the defendants caused to be issued a press release which contained material misrepresentations about First Alert's carbon monoxide detectors. In addition, the plaintiffs maintain that the company's Director of Investor Relations made statements to Dow Jones about the importance of the product in light of the recent death of tennis legend Vitas Gerulaitis. Amend.Comp. ¶¶ 59–61. These positive evaluations of First Alert's carbon monoxide detector and its future success in the marketplace continued in several other articles and press releases in late September and early October of 1994. *Id.* ¶¶ 66, 68. The plaintiffs claim that all of these forecasts and evaluations were known by the defendants to

be materially false and misleading, since at that time the return rate for defective detectors had increased and sales of the product had declined. *Id.* ¶¶ 62, 69. These misstatements continued, Plaintiffs contend, through the publication of the Preliminary Prospectus on October 12, 1994, and the final Prospectus on November 8, 1994. *Id.* ¶ 70. The plaintiffs also assert that contrary to the allegations in their original complaint, they now believe that the defendants continued their scheme past the November 10, 1994 postponement of the public offering. Instead, they now contend that the defendants continued to knowingly misrepresent First Alert's ability to compete in the carbon monoxide detector market until the public offering was permanently cancelled on December 7, 1994. *Id.* ¶¶ 93, 95, 97–98.

Based on these additional allegations, the plaintiffs seek to amend our prior certification order to expand the period of time covered by the putative class. The defendants do not object to this request, but merely reserve the right to challenge the claims asserted by the class representatives on the merits. We are authorized to alter or amend a class certification order at any time before a decision on the merits is reached, so long as the requirements of Rule 23 are satisfied. Fed.R.Civ.P. 23(c)(1); *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). In this case, we have no doubt that the newly proposed class satisfies the numerosity requirement of Rule 23(a)(1), and that common questions of law and fact exist as required by Rule 23(a)(2). Moreover, the fact that members of the proposed class and the named representatives purchased First Alert stock at different times does not destroy the typicality of the named representatives' claims. *See In re Bally Mfg. Sec. Corp. Litig.*, 141 F.R.D. 262, 268 (N.D.Ill.1992), *aff'd sub nom., Arazie v. Mullane*, 2 F.3d 1456 (7th Cir.1993). Rather, because the plaintiffs have alleged a common scheme against all purchasers of First Alert stock, the named plaintiffs are permitted to represent prior and subsequent purchasers of stock without undermining their typicality. Finally, as discussed in our prior opinion, 904 F.Supp. at 720–21, we believe the named plaintiffs are adequate representatives of the class. Accordingly, our prior definition of the plaintiff class is amended to read as follows:

> All persons who purchased First Alert common stock during the period from September 20, 1994 to December 7, 1994, inclusive, and who suffered damages thereby. Excluded from the class are the defendants, members of the individual defendants' families, any entity in which any defendant has a controlling interest or is a parent or subsidiary of or is controlled by First Alert, and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of any of the defendants.

The parties are directed to appear for a status hearing on March 1, 1994 at 10:00 a.m. as previously ordered. It is so ordered.